1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MARK ANTHONY BROWN,                      No.  2:20-CV-0885-DMC-P

12              Plaintiff,

13         v.                                  <u>ORDER</u>

14    P. LELIS, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983. Before the Court is Plaintiff's motion to compel responses to his requests for

19    interrogatories, admissions, and production. ECF No. 19. Defendants oppose the motion. ECF

20    No. 20. Plaintiff replied to the opposition. ECF No. 21. The Court denies the motion to compel.

21              Plaintiff filed his motion to compel on December 20, 2020. ECF No. 19 at 2.

22    Plaintiff requests that the Court compel Defendants to respond to his requests for admissions,

23    interrogatories, and production of documents. <u>Id.</u> at 1. Specifically, he states that, under Federal

24    Rule of Civil Procedure 34, he sent Defendants requests for production on October 30, 2020;

25    December 6, 2020; and December 14, 2020. <u>Id.</u> at 1–2. Plaintiff submitted his requests for

26    interrogatories and admissions on October 30, 2020. <u>Id.</u> at 2. He submitted second sets of requests

27    for interrogatories on December 6, 2020, and December 14, 2020. <u>Id.</u> Plaintiff contends that

28    Defendants have not responded to any of his discovery requests. <u>Id.</u> at 1.

1

1    Defendants oppose Plaintiff's motion to compel. ECF No. 20. They argue that,

2    under the Court's discovery and scheduling order, responses to discovery requests are due 45

3    days after service of the requests (plus any additional time added under the Federal Rules of Civil

4    Procedure). Id. at 2. Defendants note that, accordingly, none of their responses are untimely or

5    overdue. Id. at 2–3.

6    As to Plaintiff's initial discovery requests—namely, the first set of requests for

7    production, admission, and interrogatories—Defendants assert that they timely responded. Id. at

8    3. According to Defendants, Plaintiff served the first set of requests on Defendant J. Tecero on

9    November 1, 2020.[1] Id. at 2–3. Defendants served responses on December 21, 2020. Id. at 3.

10   Using ordinary addition, Defendants' responses would have been untimely. See id. But, under

11   Federal Rule of Civil Procedure 6(d), three days are added to the response deadline when

12   discovery requests are served by mail. Id. at 2. Further, if the last day to respond falls on a

13   Saturday, Sunday, or legal holiday, the time to respond continues until the next day that is not a

14   Saturday, Sunday, or legal holiday. Id. (citing Fed. R. Civ. P. 6(a)(2)(C). The last day to respond

15   to Plaintiff's request would have been December 19, 2020,[2] which was a Saturday. Id. at 3.

16   Because the last day fell on a Saturday, however, the last day to respond continued until Monday,

17   December 21, 2020, when Defendants timely responded. Id.

18   Defendants represent that Plaintiff served his remaining discovery requests on

19   Defendants on December 10, 2020 and December 15, 2020. ECF No. 20 at 3. As of the date of

20   Plaintiff's motion, as well as Defendants' opposition, the allotted 45 days for responses to

21   discovery have not yet passed. Id. Defendants thus argue that the motion to compel should be

22   denied in its entirety. Id.

23   ///

---

[1] Exhibit A to defense counsel's declaration in support of Defendant's opposition to Plaintiff's motion to compel is a photocopy of the envelope that contained Plaintiff's first set of requests. See ECF Nos. 20 at 2–3; 20-1 at 4. The envelope displays a stamp noting that the mail room at California State Prison-Sacramento, where Plaintiff is incarcerated, received Plaintiff's first set of requests on November 2, 2020. ECF No. 20-1 at 4. Although Plaintiff contends that he submitted the first set of requests on October 30, 2020 (see ECF No. 19 at 2), and Defendant indicates they were served on November 1, 2020, (ECF No. 20 at 2–3) it appears they were not served until November 2, 2020. See ECF No. 20-1 at 4. Regardless, Defendants' responses are timely.

[2] Defendants state that the last day to respond was December 18, 2020, which was a Friday. December 19, 2020 was a Saturday.

2

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A party may make such a motion if, for instance, a deponent fails to answer a question, a party fails to answer an interrogatory or fails to produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). The Court may also order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). Rule 37(a), furthermore, encompasses orders to attend a deposition. Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1222 (9th Cir. 2018). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the Court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

1         Plaintiff has not met the burden of showing why a motion to compel is necessary.

2 Although he has identified the discovery requests that he disputes, none of Defendants responses

3 are deficient as untimely. Defendants are correct in their above calculation of the time to respond

4 to Plaintiff's first set of interrogatories. And, as of the date of this order, neither responses to the

5 December 10, 2020, nor responses to the December 15, 2020, requests are untimely. The

6 deadlines for those responses are January 27, 2021, and February 1, 2021, respectively. The dates

7 listed in Plaintiff's motion— December 6, 2020, and December 14, 2020—are presumably the

8 dates that Plaintiff mailed his requests, not the dates that they were *served*. See ECF No. 18 at 1.

9         Moreover, Rule 37(a)(1) requires a motion to compel to include a certification that

10 the moving party has, in good faith, conferred or attempted to confer with the non-moving party

11 in order to obtain disputed discovery without Court action. Fed. R. Civ. P. 37(a)(1). The Court's

12 discovery and scheduling order specifically stated that the parties must comply with Rule 37. ECF

13 No. 18 at 2. Plaintiff's motion contains no certification. See ECF No. 19.

14         Plaintiff's motion is **DENIED** without prejudice.

15         IT IS SO ORDERED.

16

17 Dated:  January 26, 2021

18                                           DENNIS M. COTA

19                                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28