UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. LELIS, et al.,<br><br>　　　　　Defendants. | No. 2:20-CV-0885-KJM-DMC-P<br><br>ORDER |

　　　　Plaintiff Brown has filed a request the court construes as seeking an extension of time to file objections to the Magistrate Judge's findings and recommendations, and also indicates he wishes to file a motion to reconsider this court's adoption of those findings. ECF No. 42.

　　　　Because this court has already adopted the findings and recommendations, the request for an extension to file objections is **denied as moot**.

　　　　A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). Although Brown does not identify the basis of this motion, the court construes it as a motion for relief from a judgment or order under Rule 60(b) because it was not filed within the 28-day window required by Rule 59. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Relief under Rule 60(b) should not be granted absent "extraordinary circumstances" showing a

1

significant change in facts or law. *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). The moving party must show the court either committed a clear error, applied the wrong law, or rested its decision on clearly erroneous findings of fact. *Delay v. Gordon*, 475 F.3d 1039, 1043 (9th Cir. 2007) (quoting *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001)). Similarly, Local Rule 230(j)(3)–(4) requires a movant seeking reconsideration identify "what new or different facts or circumstances" exist, or any other grounds, to justify reconsideration of a court's prior order. E.D. Cal. R. 230(j)(3)–(4).

Here, Brown asserts no change in law nor does he point to evidence supporting reconsideration. Instead, Brown alleges he has been denied access to the law library and thus has been unable to research and file objections in a timely manner. Motion for Reconsideration at 2, ECF No. 42. He vaguely references case law supporting denial of summary judgment but does not explain how that law would support reconsideration. *Id*. at 3. Brown had over eight months since the magistrate judge granted an initial extension of time to alert the court to his difficulties in accessing the law library. ECF No. 38. Because Brown has not identified concrete grounds for a motion for reconsideration, his request to file a Rule 60 motion is denied without prejudice.

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: November 30, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE